J-A09025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| KRISTI HALL | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| ERIE INSURANCE EXCHANGE | : | No. 822 WDA 2020 | |

Appeal from the Judgment Entered August 26, 2020
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  No. 3563 of 2017

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                      **FILED: JULY 8, 2021**

In this underinsured motorist case, Kristi Hall appeals from the judgment entered in her favor in the amount of $18,724.46 following a jury trial and denial of her motion for a new trial.  Upon review, we affirm.

This case arises from a motor vehicle accident which occurred on January 24, 2016, in which Hall was rear ended by Robert Ames.  At the time of the accident, Hall had a limited tort insurance policy with Erie.  Based on her claim that the tortfeasor's insurance was inadequate to compensate her for her losses, Hall filed an underinsured motorist claim against Erie.

At trial, the jury was required to consider economic damages, existence of a serious impairment of bodily function, and non-economic damages.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial court detailed the evidence presented on these issues in its opinion. *See* Trial Court Opinion, 7/21/20.

The jury returned a verdict awarding Hall $18,724.46 in economic damages - $5,724.46 for medical expenses she already incurred and $13,000 in lost wages. However, the jury concluded that Hall did not need future medical care as a result of the accident and, therefore, did not award her damages for future medical expenses. Additionally, the jury did not find that Hall sustained serious impairment of a bodily function as a result of the accident, and therefore did not award her any non-economic damages.

Hall filed a post-trial motion seeking a new trial on the basis that the jury's verdict as to damages for future medical care and expenses was against the weight of the evidence. Hall also claimed that the jury's verdict as to whether she suffered serious impairment of bodily function, and thus was entitled to non-economic damages, was against the weight of the evidence. The trial court denied Hall's motion.

Hall filed this timely appeal. Hall raises two issues for our consideration:

1. Whether the trial court erred in denying [Hall's] post-trial motion for new trial when the jury's verdict as to future medical expenses was against the weight of the evidence and was so contrary to the evidence that it shocked one's sense of justice.

2. Whether the trial court erred in denying [Hall's] post-trial motion for new trial when the jury's verdict as to the serious injury question was against the weight of the evidence and was so contrary to the evidence that it shocked one's sense of justice.

Hall's Brief at 6.

Our standard of review for claims implicating the weight of the evidence is well-settled.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*In re Estate of Smaling*, 80 A.3d 485, 490 (Pa. Super. 2013) (citing *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (2013)). The trial court may award a new trial "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Samuel–Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 39 (Pa. 2011) (citing *Commonwealth v. Cousar*, 928 A.2d 1025, 1035–36 (Pa. 2007)). Moreover, in weighing the evidence, "[t]he factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Id.*

Hall claims that the trial court erred in denying her claim that the verdict was against the weight of the evidence as to whether she needed future

medical treatment. Hall's Brief at 17. Additionally, she claims that the trial court erred in denying her claim that the jury's verdict was against the weight of the evidence as to whether she sustained a serious impairment of bodily injury entitling her to an award for non-economic damages. *Id.* at 21. We decide both issues simultaneously.

Here, the trial court concluded that, after considering the evidence in this case, the jury's decision did not shock one's sense of justice. In its opinion denying Halls' post-trial motion, the trial court detailed the factual basis in the record to support the jury's decision that Hall did not need future medical care, and that she did not incur a serious impairment of bodily injury as a result of the accident. Trial Court Opinion, 7/21/20, at 2-6. Conflicting evidence, including expert testimony, was presented on both of these issues. The trial court properly observed that the jury was responsible for resolving any conflict in the evidence regarding future medical treatment and serious impairment of bodily function. *Id.* at 4, 6. The jury is permitted to accept all, part, or none of the evidence presented; credibility determinations are for the jury. *Id.* at 4. Furthermore, as the trial court recognized, a mere conflict in the evidence or that the court would have arrived at a different result based on the same evidence, does not warrant a new trial. *See id.* at 2.

Based upon our review of the record, the trial court's thorough consideration of the same, and its sound rationale, we discern no abuse of discretion in the trial court's denial of Hall's weight of the evidence claims and request for a new trial.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2021